# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAHEE ABD' RASHEED, | ) | 1:09-cv-01707-JLT HC |
| Petitioner, | ) ) ) | ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION WITHIN THIRTY DAYS |
| v. | ) ) | |
| UNITED STATES, | ) ) ) ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK FORM FOR FILING A PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254. |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition styled as being pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

On September 28, 2009, Petitioner filed the instant petition. (Doc. 1). The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. Lights of America, Inc. v. United States District Court, 130 F.3d 1369, 1370 (9th Cir. 1997). However, liberally construing the document, the Court will consider it a petition for writ of habeas corpus, since it apparently involves a state criminal conviction.

A. Failure to State A Cognizable Federal Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241

of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Moreover, conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Notice pleading is insufficient; Petitioner must state sufficient facts. See id. (citing Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Here, in his brief, three-page petition, Petitioner has alluded to certain rulings by the trial court that involve judicial bias, improper questioning of jurors, and sentencing errors. (Doc. 1, p. 2). However, Petitioner provides no details whatsoever regarding those actions or rulings, and thus, the Court cannot determine how many claims Petitioner is raising, nor can the Court divine the nature of those claims. Moreover, Petitioner has failed to provide even the most basic substantive procedural facts, e.g., the date on which he was convicted, the court in which he was convicted, the crimes for which he was convicted, the specific events or actions during trial that he contends are illegal or unconstitutional, or any claims he may have brought in the appellate courts during his direct appeal of the conviction and sentence in an effort to satisfy the exhaustion requirement.

In short, Petitioner has failed to provide the Court with the minimum information on

1  which to proceed.  The Court cannot conduct its preliminary screening of the petition without
2  such basic information.  At present, the Court cannot determine whether Petitioner's claims have
3  been exhausted in state court, whether the petition is timely, or whether the claims are sufficient
4  to invoke the Court's habeas jurisdiction.  Indeed, the Court cannot even determine whether
5  venue is proper in this Court without knowing where Petitioner was convicted.  In short, these
6  claims, as presently stated, are grossly insufficient to merit review.

         B.  <u>Failure To Name The Proper Respondent</u>.

         A petitioner seeking habeas corpus relief must name the state officer having custody of
him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate.  <u>Ortiz-Sandoval</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.  When a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency.  <u>Id</u>.

         In this case, Petitioner asserts that he is incarcerated in the Kern Valley State Prison, Delano, California.  The individual currently in charge of that facility is Kelly Harrington.  The "United States" is not the <u>warden</u> or individual in charge of the institution where Petitioner is confined, and thus is <u>not</u> the person having day-to-day control over Petitioner.

         Petitioner, in his amended petition, must name as Respondent the individual responsible for day-to-day control over Petitioner.  See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same).  Petitioner's failure to name his custodian as a respondent deprives this Court of personal jurisdiction to consider his petition.  <u>Stanley</u>, 21 F.3d at 360; <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

C. <u>Failure To Sign Petitioner Under Penalty Of Perjury</u>.

Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." This instant petition was not signed under penalty of perjury. Accordingly, any amended petition must contain such a declaration by Petitioner.[1]

D. <u>Failure to Provide Information Regarding Petitioner's Exhaustion Of State Remedies</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts

---

[1] The Court notes that Petitioner should use the form petition sent to him by the Clerk's office as part of this Order. That form contains a place for Petitioner to sign the petition under penalty of perjury. The form petition also contains places for Petitioner to provide the information the Court requires and that Petitioner omitted from the original petition. Petitioner should complete the form petition in its entirety.

in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Here, as mentioned, Petitioner has provided no information whatever regarding his efforts to exhaust his habeas claims in state court. Accordingly, should Petitioner file an amended petition, that amended petition must contain sufficient information for the Court to determine that Petitioner's claims are fully exhausted.

## ORDER

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT an AMENDED PETITION that <u>clearly lists each ground for relief</u> Petitioner intends to raise in this Court along with a brief statement of supporting facts. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. *Petitioner should also note that every pleading to which an amendment or supplement is permitted must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.* Local

5

Rule 220.

2. The Clerk of Court is DIRECTED to send petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **January 8, 2010**                          **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE