# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TAHEE ABD' RASHEED, | ) | 1:09-cv-01707-JLT HC |
| Petitioner, | ) ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| UNITED STATES, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition styled as being pursuant to the All Writs Act, 28 U.S.C. § 1651(a). On October 22, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

**PROCEDURAL HISTORY**

On September 28, 2009, Petitioner filed the instant petition. (Doc. 1). The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. Lights of America, Inc. v. United States District Court, 130 F.3d 1369, 1370 (9th Cir. 1997). However, liberally construing the document, the Court has considered it a petition for writ of habeas corpus, since it apparently involves a state criminal conviction.

1

On January 8, 2010, after conducting a preliminary screening of the petition, the Court ordered Petitioner to file an amended petition because the original handwritten petition failed to provide the Court with even the most basic information, e.g., the date of conviction or the court in which the conviction occurred, as well as the factual and legal basis for Petitioner's claims and Petitioner's efforts to exhaust those claims in state court. (Doc. 6). As part of the Court's order, the Clerk of the Court sent Petitioner a form for filing petitions pursuant to 28 U.S.C. § 2254.

On January 19, 2010, Petitioner filed his amended petition on the form provided by the Clerk. (Doc. 7). Unfortunately, for screening purposes, the amended petition provides no further information. Regarding his conviction, sentence, and sentencing court, Petitioner indicates, "I don't know." In response to other queries about his state conviction, he indicates, "I don't know I was not present during any proceeding." (Doc. 7, p. 1). The portions of the form soliciting information regarding Petitioner's direct appeal and/or other state habeas corpus petitions is entirely blank.

Petitioner's two claims are as follows:

1. "I started out on parole violation 12 years ago and haven't seen daylight since, I have appeal everything I could think of appealing with no results. I haven't committed any offense, nor have I been found guilty of any offense."

2. "Mistaken identification in violation of the Fourteenth Amendment, False Imprisonment without any procedural safeguards."

(Doc. 7, pp. 3-4).

**DISCUSSION**

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

1 custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).
2 Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
3 demonstrate that the adjudication of his claim in state court resulted in a decision that was
4 contrary to, or involved an unreasonable application of, clearly established Federal law, as
5 determined by the Supreme Court of the United States; or resulted in a decision that was based
6 on an unreasonable determination of the facts in light of the evidence presented in the State court
7 proceeding. 28 U.S.C. § 2254(d)(1), (2).

8 Moreover, conclusory allegations which are not supported by a statement of specific facts
9 do not warrant habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994). Notice pleading is
10 insufficient; Petitioner must state sufficient facts. See id. (citing Blackledge v. Allison ,431 U.S.
11 63, 75 n. 7 (1977)).

12 Here, Petitioner has failed to meet his burden of identifying either the factual basis for his
13 two claims. The Court has been given no information regarding the factual context for
14 Petitioner's claims that he is being unlawfully held and that he has been the subject of "false
15 identification."

16 In addition, the fact that Petitioner has failed to provide the Court with such basic
17 information strains the Court's credulity, given Petitioner's extensive history of filing cases in
18 this Court. The Court has accessed its own electronic case management system and determined
19 that Petitioner, under the name Tahee Abd Rasheed, has filed eighteen cases in this Court,
20 including four habeas corpus petitions. Under the name Tahee Abd' Rasheed, he has filed
21 another eight cases, including three more habeas corpus petitions. Under the name Tahee
22 Abdullah Rasheed, Petitioner has filed two additional prisoner cases, for a total of twenty-eight
23 cases. With the exception of the instant case, all of Petitioner's habeas corpus petitions have
24 been dismissed. In case no. 1:09-cv-00415-LJO-GSA, the petition was dismissed upon a finding
25 that Petitioner's claims were "plainly frivolous." In case nos. 1:09-cv-00416-OWW-SMS and
26 1:09-cv–1216-DLB, the petitions, which were brought as writs of coram nobis, were dismissed
27 because such a writ is applicable only to federal convictions. Case no. 1:09-cv-01539-SMS was
28 dismissed for Petitioner's failure to follow the Court's orders.

In reviewing Petitioner's litigation history in this Court, the Court has also examined the various habeas corpus petitions filed by Petitioner in the above-mentioned cases. In striking contrast to the instant amended petition, in other cases Petitioner appears to have little difficulty in remembering and disclosing the pertinent facts and circumstances of his incarceration.

Under such circumstances, Petitioner's purported inability to "remember" vital facts regarding his incarceration in preparing his amended petition in this case is simply not credible. Petitioner is a veteran of habeas and civil rights litigation in this Court and his refusal to provide the Court with basic information and cognizable claims amply justifies dismissal of the instant petition for failure to state a claim upon which habeas relief can be granted.

## **ORDER**

Accordingly, it is HEREBY ORDERED that:

1. The amended petition (Doc. 7), is DISMISSED for failure to state a claim upon which habeas relief can be granted; and,

2. The Clerk of Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **January 21, 2010**                              /s/ Jennifer L. Thurston
                                                                                       UNITED STATES MAGISTRATE JUDGE