# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHEE ABD' RASHEED,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>Respondent. | 1:09-cv-01707-JLT HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR INJUNCTIVE RELIEF (Doc. 10) |

Petitioner is a state prisoner proceeding pro se with a petition styled as being pursuant to the All Writs Act, 28 U.S.C. § 1651(a). On October 22, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

**PROCEDURAL HISTORY**

On September 28, 2009, Petitioner filed his federal petition. (Doc. 1). The All Writs Act provides that "all courts . . . may issue all writs necessary and appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is not itself a source of jurisdiction. Lights of America, Inc. v. United States District Court, 130 F.3d 1369, 1370 (9th Cir. 1997). However, liberally construing the document, the Court construed it a petition for writ of habeas corpus, since it apparently involved a state criminal conviction.

On January 8, 2010, after conducting a preliminary screening of the petition, the Court ordered Petitioner to file an amended petition because the original handwritten petition failed to provide the Court with even the most basic information, e.g., the date of conviction or the court in which the conviction occurred, as well as the factual and legal basis for Petitioner's claims and Petitioner's efforts to exhaust those claims in state court. (Doc. 6). As part of the Court's order, the Clerk of the Court sent Petitioner a form for filing petitions pursuant to 28 U.S.C. § 2254.

On January 19, 2010, Petitioner filed his amended petition on the form provided by the Clerk. (Doc. 7). Unfortunately, for screening purposes, the amended petition provided no further information. Regarding his conviction, sentence, and sentencing court, Petitioner indicated, "I don't know." In response to other queries about his state conviction, he indicated, "I don't know I was not present during any proceeding." (Doc. 7, p. 1). The portions of the form soliciting information regarding Petitioner's direct appeal and/or other state habeas corpus petitions was left entirely blank.

The amended petition's two claims asserted the following:

1. "I started out on parole violation 12 years ago and haven't seen daylight since, I have appeal everything I could think of appealing with no results. I haven't committed any offense, nor have I been found guilty of any offense."
2. "Mistaken identification in violation of the Fourteenth Amendment, False Imprisonment without any procedural safeguards."

(Doc. 7, pp. 3-4).

On January 21, 2010, the Court dismissed the petition on the grounds that Petitioner had failed to allege grounds upon which habeas relief could be granted. (Doc. 8). Specifically, the Court pointed out that Petitioner had provided virtually no information in the amended petition that would permit the Court to proceed. As a result, the petition was dismissed, judgment was entered, and the case was closed on January 21, 2010. (Doc. 9). On February 22, 2010, Petitioner filed the instant motion for injunctive relief. (Doc. 10). In that motion, Petitioner makes the same contentions he raised in the original and amended petition, i.e., that he has suffered some unspecified miscarriage of justice, a malicious prosecution in San Mateo County,

false imprisonment, and a conviction based on evidence that should have been excluded. (Doc. 10, p. 2). Petitioner seeks $250,000 damages and $100,000 in punitive damages. (Id.).

**DISCUSSION**

As a preliminary matter, although the motion is styled as a motion for injunctive relief, considering the procedural posture of the case, i.e., that judgment has been entered and the case closed as of January 21, 2010, the Court construes Petitioner's motion as a motion for reconsideration. So construing the motion, the Court will deny it.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet any of the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has not shown either newly discovered evidence or fraud; the judgment has not been shown to be either void or satisfied; and Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not explained any "new

or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion...." Local Rule 230(j).

Indeed, as was the case with Petitioner's prior pleadings, the Court is unable to discern the bases for any of Petitioner's arguments. He provides no specific facts, dates, or other information that would shed light on the claims he is attempting to make. Moreover, the claims themselves, if they can be denominated as such, are couched in such vague legal language, e.g., "improper pleading," "unduly restrained cross-examination," etc., that the Court is at a complete loss to ascertain even the broadest outlines of any legal claim. In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for injunctive relief, construed by the Court as a motion for reconsideration (Doc. 10), is DENIED.

IT IS SO ORDERED.

Dated: **March 5, 2010**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE